## AMERICAN RY. EXPRESS CO. v. ERSKINE.
### No. 4203.

Circuit Court of Appeals, Third Circuit.
Feb. 3, 1930.

Alexander R. Staples (of Bromley, Evans & Staples), of Philadelphia, Pa., for appellant.

Edwin A. J. Blank, Michael D. Hayes, and Wilson & McAdams, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

### PER CURIAM.

In the court below William Erskine brought suit and recovered a verdict against the American Railway Express Company, and on entry of judgment the latter took this appeal. No legal questions or principles are

476

involved. The plaintiff claimed his injuries were caused by his being struck by a truck of the defendant while he was crossing a city street. The defendant claimed the plaintiff was not struck by the truck, but that he fell while crossing the street and his injuries were caused by such fall. The plaintiff moved the court to give binding instructions in his favor, and the question involved is whether the plaintiff's proofs necessitated the submission of the case to the jury. We think it would have been error in court had it given binding instructions in favor of the defendant. In support of that view, we need only quote the testimony of the plaintiff, which was

"A. The semaphore was closed against traffic on Thirteenth Street, and I started across Thirteenth Street, got almost to the rail, and I heard a woman scream, and this truck struck me on the side, knocked me down, and that is all that I know about it.

"Q. Now, before you started to go across the Street did you look down Thirteenth Street? A. Oh, yes, and saw the semaphore closed.

"Q. And was there any traffic going north on Thirteenth Street? A. No, not a thing.

"Q. Do you know where this truck came from that hit you? A. Came around the corner.

"Q. And how do you know that? A. I don't know that; I saw the semaphore closed. * * *

"By the Court: Q. As far as you saw it, you didn't see the truck? A. Not until it hit me."

While the defendant produced several witnesses to the contrary, it is clear that it was for the jury to decide on which side the truth lay. Finding no error, the judgment entered on such verdict is affirmed.